UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


J-RICH CLINIC, INC., a Michigan corporation,
d/b/a REAL PURITY,,

       Plaintiff,

                              CASE NO.  02-CV-74324-DT

    v.                        MAGISTRATE JUDGE PAUL KOMIVES


COSMEDIC CONCEPTS, INC., an Arizona corporation,
d/b/a PHILOSOPHY, BIOTECH, INC., an Arizona
corporation, and PHILOSOPHY, INC., an Arizona
corporation,

       Defendants.

                              **<u>CONSOLIDATED</u>**

and

J-RICH CLINIC, INC., d/b/a REAL PURITY,

       Plaintiff,

                              CASE NO. 03-CV-71750-DT

    v.                        MAGISTRATE JUDGE PAUL KOMIVES


QVC, INC., a Delaware corporation headquartered in
West Chester, Pennsylvania, MOET HENNESSY LOUIS
VUITTON, a French corporation, individually and d/b/a
in the United States and abroad, as SEPHORA and
SEPHORA.COM, DRUGSTORE.COM, INC., a
Delaware corporation headquartered in Bellevue,
Washington, NORDSTROM, INC., a Washington
corporation headquartered in Seattle, Washington, and
TARGET CORPORATION, a Minnesota corporation
headquartered in Minneapolis, Minnesota, individually
and d/b/a MARSHALL-FIELD'S,

       Defendants,

_____/


**<u>OPINION AND ORDER CERTIFYING ISSUE FOR INTERLOCUTORY APPEAL</u>**

      In this trademark action, plaintiff seeks, *inter alia*, an accounting of profits based on

defendants' infringement of its "REAL PURITY" mark.  On October 29, 2004, the Court entered

an Opinion and Order granting in part and denying in part defendants' motion for partial summary

judgment, and denying plaintiff's cross-motion for summary judgment.  With respect to the

accounting for profits issue, I concluded that under existing Sixth Circuit law, plaintiff is required

to show intentional infringement, willfulness, or bad faith to recover an accounting for profits.  *See*

Opinion & Order, dated 10/29/04, at 12-15.  I also rejected plaintiff's argument that this rule was

altered by the 1999 amendments to § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).  *See* Opinion

& Order, dated 10/29/04, at 15-17.  I concluded that there was no genuine issue of material fact with

respect to willfulness or bad faith for the period pre-dating April 10, 2002, and therefore that

defendants were entitled to summary judgment on plaintiff's claim for an accounting for profits prior

to that date.  The Court also concluded that there remained genuine issues of material fact with

respect to willfulness or bad faith after that date, and therefore that neither party was entitled to

summary judgment.

On March 7, 2006, the Court denied plaintiff's motion to comply with the mandatory

requirements of Rule 56(d).  In that motion plaintiff argued that the Court should revisit the

accounting for profits issue in light of the Third Circuit's intervening decision in *Banjo Buddies, Inc.*

*v. Renosky*, 399 F.3d 168, 175 (3d Cir. 2005).  I declined to do so, explaining that *Banjo Buddies*

merely adopted the reasoning of the Fifth Circuit in *Quick Tech, Inc. v. Sage Group PLC*, 313 F.3d

338 (5th Cir. 2002), a case which I had considered and rejected in my initial summary judgment

order.  *See* Opinion & Order, dated 3/7/2006, at 4.  On March 15, 2006, plaintiff filed a motion for

reconsideration of this decision, relying not only on *Banjo Buddies* but also on Judge Duggan's

opinion in *Powerhouse Marks, LLC v. Chi Hsin Impex, Inc.*, No. 04-CV-73923, at 6-8 (E.D. Mich.

Feb. 2, 2006).  The Court again declined to reconsider the issue.  *See* Opinion & Order, dated 4/18/06.  The Court did, however, conclude that "in light of the fact that there is no guidance on this issue from either the Supreme Court or the Sixth Circuit . . . it is appropriate to give full consideration to plaintiff's alternative request for certification of this issue for immediate appeal under 28 U.S.C. § 1292(b)."  *Id*. at 4.  The Court therefore ordered defendants, pursuant to Local Rule 7.1(g)(2), to file a response to plaintiff's request for certification.  Defendants did so on May 2, 2006, and plaintiff filed a reply on May 4, 2006.  After giving the matter full consideration, the Court concludes that certification under § 1292(b) is appropriate, for the reasons set forth below.

Generally, only final orders and judgments of a district court are appealable to the court of appeals.  Nevertheless, interlocutory appeals of non-final orders are permitted in some circumstances under 28 U.S.C. § 1292.  As relevant here, that statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).  Under this provision, the Court "in its discretion may permit an appeal to be taken from an order . . . if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation."  *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).  The Court concludes that all three requirements

are satisfied here.

Taking the second issue first, it is clear that a substantial ground for difference of opinion exists regarding the correctness of the Court's conclusion that a finding of willfulness or bad faith is a prerequisite to an accounting for profits.  It is true, as defendants argue, that the pre-1999 law of the Sixth Circuit on this issue is settled; however, the Sixth Circuit has not considered the issue in light of the 1999 amendments to § 35(a) of the Lanham Act, and at least two courts of appeals and one Judge of this District have reached a contrary conclusion in light of those amendments. In these circumstances, a substantial ground for difference of opinion concerning the Court's resolution of the issue exists.

The Court also concludes that the other two prongs of the § 1292(b) inquiry are satisfied here.  As to the first prong, "[a] legal issue is controlling if it could materially affect the outcome of the case."  However, the term "controlling" is not "interpret[ed] . . . literally." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996).  Thus, "the resolution of an issue need not necessarily terminate an action or have precedential value for a number of pending cases to be 'controlling.'  Rather, all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992) (citations and internal quotations omitted); *see also*, *APCC Servs., Inc. v. Spring Commc'ns. Co.*, 297 F. Supp. 2d 90, 96 (D.D.C. 2003).  In other words, "[a] question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming*, 86 F.3d at 659.  This case has become principally one about remedies.  Issues of liability have been substantially resolved, and the remaining questions

4

for the Court involve any monetary and injunctive relief to which plaintiff may be entitled. Resolution of the accounting for profits issue will likely affect the future course of litigation, as it will impact the proofs that the parties must present at trial and the availability to plaintiff of a significant form of monetary damages. *See Boomsma v. Star Transport, Inc.*, 202 F. Supp. 2d 869, 879 (E.D. Wis. 2002) (finding choice of law determination "controlling" where that determination impacted the availability of various forms of monetary relief); *In re Air Crash off Long Island, N.Y., on July 17, 1997*, 27 F. Supp. 431, 434 (S.D.N.Y. 1998) (finding issue of law "controlling" in part because the resolution of that issue affected the "availability and measure of damages").[1]

With respect to the third prong, the Court concludes that an immediate appeal of this issue may materially advance the ultimate termination of the litigation. As noted above, this case is now principally about remedies. The Court's resolution of this issue has precluded plaintiff from recovering an accounting of profits for one time period, and significantly increased its evidentiary burden with respect to the remaining relevant time period. A definitive ruling from the court of appeals could significantly alter the time and expense of litigating this case, both for the parties and the Court, and thus the resolution of this issue could materially advance the ultimate termination of the litigation. *See Coast Federal Bank v. United States*, 49 Fed. Cl. 11, 14 (2001); *cf. In re Memphis*, 293 F.3d at 351 (noting that this element is not satisfied when the litigation will be

---

[1]Defendants argue that the willfulness/bad faith issue is not controlling because, even if the court of appeals were to conclude that a finding of willfulness or bad faith is not a prerequisite to an accounting for profits, the award of such an accounting would still be in the discretion of this Court. *See In re Memphis*, 293 F.3d at 351 ("A legal question of the type envisioned in § 1292(b), however, generally does not include matters within the discretion of the trial court."). However, the issue to be certified is not whether plaintiff is entitled to an accounting for profits, but whether the Court may even engage in that inquiry without a showing of bad faith or willfulness. Put another way, the issue is not a matter of the Court's particular exercise of discretion, but whether there is a legal prerequisite to the Court exercising its discretion at all.

conducted in substantially the same manner regardless of the court of appeals's decision).

For the foregoing reasons, the Court concludes that the prerequisites for certification under § 1292(b) are satisfied and that certification under that provision is appropriate.  It is therefore ORDERED that the following question is certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b): Is a finding of willfulness or bad faith a mandatory prerequisite to an accounting for profits under § 35(a) of the Lanham Act?

IT IS SO ORDERED.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 8/25/06

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 25, 2006.

s/Eddrey Butts
Case Manager